SCOTT J. FERRELL, Bar No. 202091
LISA A. WEGNER, Bar No. 209917
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
(949) 717-3000
(949) 717-3100 Fax
sferrell@calljensen.com
lwegner@calljensen.com

Attorneys for Defendant
Popeyes Chicken & Biscuits

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ✓
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S DISTRICT COURT
APR - 4 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINDA HERNANDEZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> POPEYES CHICKEN AND BISCUITS, an unknown entity; and DOES 1 THROUGH 10, Inclusive, <br><br> Defendants. | Case No. SACV05-1222 JVS (MLGx) <br><br> **STIPULATION OF DISMISSAL WITH PREJUDICE;** [PROPOSED] **ORDER** <br><br> [F.R.C.P. 41(a)(1)] <br><br><br><br> Complaint Filed: December 13, 2005 <br> Trial Date: None Set |

/ / /
/ / /
/ / /
/ / /
/ / /

DOCKETED ON CM
APR - 4 2006
BY _____ 040

GVD01-01:191889_1:3-29-06       - 1 -
STIPULATION OF DISMISSAL WITH PREJUDICE;[PROPOSED] ORDER

The Parties having settled this matter pursuant to the terms of the Settlement and Release Agreement attached hereto as Exhibit "1," it is hereby stipulated that the above-captioned action be and hereby is dismissed in its entirety with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Court shall retain jurisdiction only for the enforcement of the settlement.

Dated: March 29, 2006

CALL, JENSEN & FERRELL
A Professional Corporation

By: *Lisa A. Wegner*
Lisa A. Wegner
Attorneys for Defendant Popeyes Chicken and Biscuits

Dated: March 29, 2006

PADILLA & ASSOCIATES

By: *Stephen M. Padilla*
Stephen M. Padilla
Attorneys for Plaintiff Rosalinda Hernandez

**IT IS SO ORDERED.**

Dated: 4. 3.      , 2006

By: *James V. Selna*
Honorable James V. Selna

GVD01-01:191889_1:3-29-06                        - 2 -
STIPULATION OF DISMISSAL WITH PREJUDICE;[PROPOSED] ORDER

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (hereinafter "Agreement") is made and entered into by and between Plaintiff, Rosalinda Hernandez ("Plaintiff"), on the one hand, and Defendants Popeyes Chicken and Biscuits, *et al.* ("Defendant," which term includes the landlord, leasehold owner, owner and/or operator of the Premises, as defined in this Agreement), on the other hand, and shall be effective as of the last date on which all the Parties have executed the Agreement. Hereinafter, Plaintiff and Defendant may sometimes be referred to individually as a "Party" or collectively as the "Parties." This Agreement is a compromise settlement and release whereby the parties hereto mutually extinguish certain rights and obligations each Party has or may have against the other while creating new rights and obligations.

## RECITALS

**WHEREAS**, on December 13, 2005, Plaintiff filed a complaint in the United States District Court for the Central District of California ("Complaint") against Defendant for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181, *et seq.* ("ADA"), various California state disability discrimination statutes, and common law violations, pursuant to which Plaintiff sought an injunction, statutory damages, attorneys' fees and costs;

**WHEREAS**, Plaintiff's Complaint referred to the Popeye's restaurant at 6948 Westminster Blvd. ("Restaurant"). The Restaurant is located on the

premises entitled Goldenwest Village Center located at Goldenwest St. and Westminster Blvd. and comprises addresses 6902 to 6948 Westminster Blvd. and 14035 – 1407 Goldenwest Ave., Westminster, California, collectively hereafter referred to as the "Premises."

**WHEREAS**, Defendant denies having violated any federal or state disability laws, including but not limited to the ADA;

**WHEREAS**, subject to the terms set forth below, Plaintiff and Defendant have agreed to finally resolve any and all claims and disputes by and between them; and

**WHEREAS**, the Parties now desire to avoid further expense, time, effort and uncertainty in regard to this action, without Defendant admitting liability to the Plaintiff.

**THEREFORE**, in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to the following terms and conditions as full and complete settlement of the action:

### I. ACTIONS BY DEFENDANTS

#### A. ALTERATIONS AND IMPROVEMENTS

Within 12 months of acceptance of this Agreement, Defendant (which term includes the landlord, leasehold owner, owner, and/or operator of the

Premises) will make best efforts to eliminate any alleged architectural barriers identified by Plaintiff in her Complaint both with respect to the Restaurant and all common areas of the Premises that affect or could affect persons with mobility impairments in instances where such removal is readily achievable; specifically:

    (1) an alleged lack of adequate disabled accessible parking;

    (2) an alleged lack of designated disabled parking signage;

    (3) an alleged lack of parking access aisles; and

    (4) an alleged lack of accessible entrance ramps.

The Parties shall work together to determine the extent of any modifications that should be made to the Restaurant and common areas of the Premises. Plaintiff and her attorneys of record shall advise Defendant regarding their legal obligations as to state and federal disability laws and shall consult with Defendant regarding any repairs or modifications to the Restaurant and common areas of the Premises necessary to ensure accessibility by disabled persons and toward further developing and implementing ADA policies and procedures.

### B. PAYMENT TO PLAINTIFF

Defendant agrees that within ten days after its counsel of record receives the fully executed original of this Agreement and the request for dismissal of this action with prejudice, it shall pay to Plaintiff the sum of two thousand five hundred dollars ($2,500.00). Plaintiff and Defendant agree that this settlement payment resolves any claims for attorney's fees and

costs. Each party shall bear their own fees and costs incurred in connection with the Complaint, this lawsuit, and this Agreement.

## II. ENFORCEMENT CONSIDERATIONS

### A. Non-Compliance.

In the event the alterations and modifications required hereby are not timely completed in all respects, the Plaintiff shall be entitled to seek an award for injunctive relief from the agreed upon arbitrator. The Parties agree that if Defendant has timely commenced the modifications required hereby, and has proceeded with the completion thereof in good faith and with due diligence, but has been delayed in the completion thereof due to acts of God, *force majeure,* events beyond the control of Defendant (such as inability to obtain building or zoning permits, failure of the county inspectors to make inspections, contractor defaults, work stoppages, etc.), the time periods for completion established hereby shall be extended appropriately should Defendant provide Plaintiff with written notice of same.

### B. Time Frame.

Plaintiff agrees that Defendant shall be given a reasonable amount of time, which shall in no event be more than 18 months, to complete the agreed upon modifications to the Restaurant and common areas of the Premises (as set forth in Paragraph I) included in this Agreement. Upon completion of the modifications, Defendant shall notify Plaintiff's counsel in writing of the completion. Plaintiff shall then have 30 days to inspect the Premises to confirm that the modifications required by this Agreement have been accomplished. If Plaintiff believes the modifications do not comply

with the Agreement, Plaintiff shall notify Defendant's counsel in writing, specifying the modifications Plaintiff believes remain to be done. If Defendant agrees with Plaintiff, Defendant shall then have 60 days to ensure that the Premises complies with the Agreement. Any remaining issues shall be decided by binding arbitration, as described above.

### III. GENERAL RELEASE

Upon full compliance with the terms and conditions of this Agreement, Plaintiff hereby releases and discharges Defendant, Defendant's officers, employees, agents, parents, subsidiaries, successors, assigns, landlord, and owner and operator of the Premises, from any and all claims and causes of action which it has had or may claim to have had against Defendant arising out of the Restaurant or common areas of the Premises, including but not limited to claims for violations of state and federal disability accessibility laws.

Plaintiff expressly waives and relinquishes all rights and benefits afforded by Section 1542 of the Civil Code of the State of California and does so understanding and acknowledging the significance and consequence of such specific waiver of Section 1542. Section 1542 of the Civil Code of the State of California states as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

5 of 11

190236_3

7

OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge of Defendant, the owner(s), operator(s) and landlord(s) of the Premises, Plaintiff expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all claims which she does not know or suspect to exist in her favor at the time of execution hereof, and that this Agreement contemplates the extinguishment of any such claim or claims against Defendant. Further, Plaintiff agrees not to file future lawsuits against Defendant, its officers, employees, agents, successors, parents, subsidiaries, landlords or assigns with respect to alleged violations of federal or state accessibility laws. The foregoing release is a "global" release wherein Plaintiff agrees never to bring an action, claim, or cause of action arising out of federal or state disability access laws against any of Defendant's facilities ever again. Thus, the foregoing release is intended to have the broadest interpretation permitted as a matter of law. The foregoing release is not applicable to claims arising from the representations and obligations set forth in this Agreement.

## IV. CLAIMS NOT ASSIGNED

Each of the Parties represents and warrants that she and/or it has not sold, assigned, transferred, conveyed, or otherwise disposed of any claims, demand or cause of action relating to any matter covered by this Agreement. Plaintiff hereby agrees and promises to indemnify Defendant in the event that another party seeks to exercise Plaintiff's rights against Defendant on any claim covered by this Agreement.

## V. NO ADMISSION OF LIABILITY

The Parties agree that neither this Agreement, nor their performance under this Agreement, shall be construed, interpreted or used in any way as an admission of the validity or invalidity of any claims, causes of actions, liabilities, damages, costs, expenses, attorneys' fees, amounts, rights, obligations, or any other things of any nature whatsoever released pursuant to this Agreement, nor as implying or establishing the validity or invalidity thereof. The Parties agree that this settlement is for the purpose of compromising possible future claims, and to alleviate the expense, delay, and inconvenience associated with any related litigation. The Parties also understand and agree that this Agreement, and all discussions culminating in this Agreement, have been settlement discussions and negotiations. Accordingly, the Parties to this Agreement understand and agree that no discussion or written statement made during the course of these negotiations shall be admissible in any proceeding to establish liability.

## VI. ATTORNEYS' FEES AND COSTS

The Parties agree that they shall each bear their own expenses, attorneys' fees, if any, and costs of suit incurred in connection with the Complaint and this Agreement, or any issues arising out of or pertaining to this Agreement.

## VII. APPLICABLE LAW

This Agreement shall be governed, construed and interpreted in accordance with the laws of the State of California (without respect to principles of conflicts of law), and the Parties hereby submit to jurisdiction

of and venue in the State of California in any legal proceeding necessary to interpret or enforce this Agreement or any part hereof. The United States District Court for the Central District of California, Southern Division, shall have exclusive jurisdiction and venue over all controversies in connection with this Agreement and the subject matter hereof, and each Party irrevocably consents to such exclusive personal jurisdiction and venue.

## VIII. COUNTERPARTS

The Parties agree that this Agreement and any and all other documents in connection with the settlement of this matter may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument. The Parties agree that a facsimile copy of a Party's signature shall be deemed the equivalent of an original.

## IX. ENTIRE AGREEMENT

This Agreement constitutes the entire agreement among the Parties on the matters raised herein. No other statement, promise, or agreement, either written or oral, made by either Party or agents of either Party not contained in this written Agreement, shall be enforceable. If a court of competent jurisdiction concludes that any part of this Agreement is unenforceable, such portion shall be severed from this Agreement, and all other terms and provisions shall remain enforceable.

## X. VOLUNTARY EXECUTION

The Parties represent and acknowledge that this Agreement is given

and executed voluntarily, and is not based upon any representation by any of the Parties to another Party as to the merits, legal liability, or value of any claim of the Parties or any matters related thereto.

### XI. ACKNOWLEDGEMENT

The Parties acknowledge they have been afforded an opportunity to consider the terms and conditions of this Agreement, that they have read and understand the terms and conditions herein, and that they have retained counsel and have been provided with the opportunity to consult with their respective counsel prior to their execution of the Agreement.

### XII. AMENDMENT AND MODIFICATION

This Agreement may neither be modified nor amended except in a writing executed by all the Parties hereto.

### XIII. WRITTEN NOTICE

Each notice ("Notice") provided for under this Agreement must comply with the requirements of this Section. Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other

refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any Party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other Party at least ten (10) days' prior notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

**Plaintiff:**
c/o Stephen M. Padilla, Esquire
Padilla & Associates
3020 Old Ranch Parkway, Suite 300
Long Beach, California 90740

**Defendant:**
c/o Lisa A. Wegner, Esquire
Call, Jensen & Ferrell
A Professional Corporation
610 Newport Center Dr., Suite 700
Newport Beach, CA 92660

BY EXECTUING THIS AGREEMENT, EACH SIGNATOR ACKNOWLEDGES THAT HE OR SHE HAS READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS AND PROVISIONS. This Agreement consists of eleven (11) pages, including the signature page.

On Behalf of Plaintiff:

By: _____   Date: 3-22-06
Rosalinda Hernandez

*[signatures continued on next page]*

On Behalf of Defendants:

By: _____ Date: 3/24/06
Authorized Representative

**APPROVED:**

By: _____ Date: 3-22-06
Stephen M. Padilla, Esq.
Attorney for Plaintiff


By: _____ Date: _____
Lisa A. Wegner, Esq.
Attorney for Defendant

11 of 11

190236_3

On Behalf of Defendants:

By: _____  Date: _____
Authorized Representative

**APPROVED:**

By: _____  Date: _____
   Stephen M. Padilla, Esq.
   Attorney for Plaintiff

By: *[signature]*  Date: 3/29/06
   Lisa A. Wegner, Esq.
   Attorney for Defendant